PEOPLE, PLAINTIFF AND APPELLEE, *v.* ITURREGUI, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in a Prosecution for Adulteration of Milk.

No. 2252.—Decided May 31, 1924.

ADULTERATION OF MILK—SEALED CONTAINERS.—The fact that the milk had been sold by the person who purchased it from the dairyman while in transit from the dairy to the stall where it was found to be adulterated, does not exempt the seller from liability; and the fact that the containers were sealed does not exclude the possibility of its having been adulterated after it was taken from the dairy.

ID.—ID.—The ignorance of the seller as to the adulteration of the milk does not exempt him from liability.

The facts are stated in the opinion.
*Messrs. Campillo & Campillo* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a judgment sentencing the defendant to five days in jail for having and offering for sale adulterated milk.

The only assignment of error is that it was not proved that the defendant was at any time in possession of the adulterated milk.

The defendant sold milk to Cándido López, who was the owner of a milk stall. On March 14, 1923, at the instance of López, when the milk was delivered at the stall and before the seals were broken one of the sanitation inspectors took a sample which proved to be adulterated. The fact of the adulteration of the milk is not discussed. The defendant alleges that the milk was purchased from Julián Molinari, the owner of a dairy in Carolina. Molinari put it in sealed containers and left it on the road whence it was taken by a truck by order of the defendant. When the truck arrived in Santurce the defendant ordered the chauffeur to deliver it to the different stalls. There are other details in the evidence showing that López had frequently complained to the defendant that the milk was watery and had proved to be adulterated before the charge was made. The defendant offered to complain of it to Molinari, the owner of the dairy, saying that he had arranged that the containers should come sealed but not locked because it created difficulty in selling along the road.

The evidence shows, therefore, that when the milk was taken up from the road by order of the defendant he was the owner of it and it remained in his possession for distribution and sale in the manner that he might think best. The fact that the containers were sealed does not exclude the possibility that the milk was adulterated after it was taken away, for the evidence discloses that the seals may be put on or taken off and that they are for sale at the hardware stores.

And it is not a defense that the defendant was ignorant of the adulteration, for section 1 of Act. No. 59 of 1910 penalizes the mere having or offering for sale adulterated or diluted milk, and in such cases it is not necessary to prove that it was adulterated or diluted with the intention of offering it for sale, or that the accused was the person who adulterated it, or that he knew that it was adulterated. *People* v. *Gautier,* 20 P.R.R. 311; *People* v. *Calderón,* 17 P.R.R. 459; *People* v. *Rodríguez,* 23 P.R.R. 780; *People* v. *Vázquez,* 26 P.R.R. 13.

For all of the foregoing the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.